999 F.2d 543
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Scott L. HAVSY, D.O.; Pain Diagnostics & Rehabilitation
Associates, Plaintiffs-Appellants,
v.
PIERCE COUNTY MEDICAL BUREAU, INC., Defendant-Appellee.
 No. 91-36091.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 9, 1993.
Decided July 20, 1993.
 
 Before: BRUNETTI, LEAVY, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Scott Havsy, D.O., sole shareholder of Pain Diagnostics and Rehabilitation Associates, P.S. (jointly, "Havsy"), appeals from the district court's entry of summary judgment in favor of Pierce County Medical Bureau, Inc. ("PCMB"). We affirm.
 
 
 3
 Havsy argues, inter alia, that he did not breach his preferred care provider agreements ("agreements") with PCMB by balance billing a subscriber because the "balance" would come ultimately from a third-party payor. While the agreements do not prohibit signatory physicians from recovering against third-party payors, they do bar them from directly billing subscribers for anything other than deductibles and copayments. Having directly billed a subscriber for services paid for by PCMB, Havsy breached the agreements. The district court did not err on this point.
 
 
 4
 Havsy's argument that PCMB failed to give him proper notice and an opportunity to be heard before terminating him is also without merit. PCMB invoked the agreements' 30-day notice provision only after it had received Havsy's letter rejecting its written demand that Havsy cease directly billing subscribers and after it had been served with a copy of Havsy's first summons and complaint. We agree with the district court that Havsy received all the process he was due.
 
 
 5
 We also reject Havsy's contention that the agreements violate the Sherman Act ("Act"), 15 U.S.C. § 1. Provider agreements like those at issue do not constitute per se violations of the Act absent a showing that participating physicians controlled the plans or that competing physicians conspired to fix prices through horizontal agreements. See Barry v. Blue Cross of Cal., 805 F.2d 866, 868-70 (9th Cir.1986). PCMB is governed by a lay-dominated Board of Trustees, and there was no showing that a "tacit conspiracy" existed among local physicians. The district court did not err in finding no per se violation. See id.
 
 
 6
 Havsy also failed to make the requisite showing under the Act's so-called rule of reason test. See Austin v. McNamara, 979 F.2d 728, 738 (9th Cir.1992). Moreover, none of the cases he cites and relies on squarely support his position; indeed, the clear weight of authority is to the contrary. See, e.g., Kartell v. Blue Shield of Mass., Inc., 749 F.2d 922, 924-25 (1st Cir.1984), cert. denied, 471 U.S. 1029 (1985); Westchester Radiological Assocs. P.C. v. Empire Blue Cross & Blue Shield, Inc., 707 F.Supp. 708, 711-12 (S.D.N.Y.), aff'd, 884 F.2d 707 (2d Cir.1989), cert denied, 493 U.S. 1095 (1990); Pennsylvania Dental Ass'n v. Medical Serv. Ass'n of Penn., 815 F.2d 270, 275-76 (3d Cir.) (implicitly upholding practice), cert. denied, 484 U.S. 851 (1987); Tennessean Truckstop, Inc. v. NTS, Inc., 875 F.2d 86, 89-90 (6th Cir.1989) (discussing Kartell with approval); Brillhart v. Mutual Med. Ins., Inc., 768 F.2d 196, 199-201 (7th Cir.1985). There was no error.
 
 
 7
 Because we find no merit to any of Havsy's remaining issues, the decision appealed from is
 
 
 8
 AFFIRMED.
 
 
 
 *
 This disposition is not suitable for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3